■ GOLDOME SAVINGS BANK, Formerly Known as PALMETTO FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Appellants-Respondents, v AMERICAN CASUALTY COMPANY OF READING, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs, in accordance with the following memorandum: Plaintiff, Goldome Savings Bank, and the directors and officers of Palmetto Savings Bank brought this action against American Casualty Company for a judgment declaring that a directors and officers liability insurance policy issued by American Casualty to Palmetto Savings Bank and its officers was still in effect regardless of the merger of Palmetto.

Both parties moved for summary judgment and the court denied the motions. Plaintiff appeals and defendant cross-appeals, each contending that Special Term erred in not granting summary judgment in its favor.

On December 10, 1984 Palmetto Savings Bank merged with Goldome Savings Association, becoming Goldome Savings Bank. After the date of the merger a claim was made against the officers and directors of Palmetto for acts committed before the merger. Because of this merger, defendant asserts that the policy terminated pursuant to the provisions of the merger clause in the policy. That clause provides that if after the merger "the Association is actively engaged in making loans and receiving savings deposits", the association may elect to extend the coverage for 90 days as provided in clause 2 (b), but "the extension of coverage shall be limited to Directors and Officers of the Association as it existed prior to the corporate reorganization. If after the corporate reorganization the Association is not actively engaged in making loans and receiving savings deposits, coverage shall cease as of the date of the corporate reorganization and the Insured shall not be able to obtain the extended coverage provided for in Clause 2 (b)".

Defendant argues that Palmetto is no longer actively engaged in making loans and receiving cash deposits because it no longer exists as a corporate entity; it is the new entity, Goldome Savings Bank, that is performing those activities. We disagree. The only reasonable interpretation of the merger clause is that, at the option of the insured, the coverage may be extended (limited to the directors and officers of the associ-

ation as it existed prior to the merger) if the business of the former bank is still being carried on by the successor corporation. This interpretation is fortified by the certificate of merger, issued pursuant to the laws of Florida, which provides that Palmetto's charter shall be deemed surrendered "and the resulting savings and loan association shall be considered the same business and corporate entity as each constituent savings and loan association, with all of the rights, powers, and duties of each constituent savings and loan association".

Since the resulting savings and loan association, Goldome Savings Bank, is engaged in making loans and receiving deposits, as Palmetto had done, the policy did not automatically terminate at the time of the merger, but plaintiff had the right to invoke clause 2 (b) of the policy to extend the coverage, with respect to any wrongful act committed before the date of cancellation, for a period of 90 days after cancellation.

Defendant notified plaintiff on July 17, 1985 that the policy was canceled because of the merger, but under clause 7 (b) of the policy, the cancellation could not be effective until 30 days later on August 16, 1985. Before that date plaintiff invoked the provisions of clause 2 (b), thus extending the policy according to the provisions of that clause for a period of 90 days after July 16, 1985.

The order appealed from is modified, therefore, by granting summary judgment declaring that the policy was extended pursuant to clause 2 (b) of the policy and was in effect on September 14, 1985, when the claim was made, with respect to wrongful acts committed before the cancellation on July 16, 1985, limited to directors and officers of Palmetto Savings Bank as it existed prior to the merger. (Appeals from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.